STATE OF NEW JERSEY, EX REL. JOHN M. BENSON, RELATOR, v. WILLIAM WEILER, RESPONDENT.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the relator, *Leo S. Carney.*

For the respondent, *John H. Cooper.*

PER CURIAM.

This is a contest under section 4 of the *Quo Warranto* act, and involves the alleged office of clerk to the board of assessors of the town of Kearny. The principal answer made is that the clerkship of the board of assessors is not an office nor even a position, because it was never created in the legal manner, but is merely an employment.

The facts are that on August 31st, 1921, the relator was appointed by resolution as clerk to the board of assessors, and his salary was fixed at $1,500; that he took an oath of office and attended to the duties imposed upon him; and that during a six months' leave of absence without pay the respondent was appointed clerk of the board of assessors, and on the last day of the six months' leave of absence, by resolution, the relator was discharged. He claims immunity from summary discharge on the ground that he is an honorably discharged soldier and entitled to the protection of the Veteran act.

It seems to be clear that under the Town act of 1895 there is no such office as clerk to the board of assessors erected by the statute.

It also seems clear that under that act offices may be created by the governing body, but, in such case, only by ordinance. The Home Rule act of 1917 seems to contain a similar provision.

The act of 1923 (*Pamph. L., p.* 306), is invoked by the relator, but that statute does not legalize offices to be created by resolution; it merely refers to the fixing of salaries in that manner.

We are clear that there was no lawful office of clerk to the board of assessors of which the relator was in occupancy, and, in that situation, the action of *quo warranto* is inapplicable, because it relates only to public office. *Harris* v. *Corker,* 89 *N. J. L.* 31.

The case being at issue on the pleadings did not go to a jury for the trial of any issue of fact, but certain facts have been stipulated and submitted to us for our determination, which is that the respondent is entitled to judgment.