LOUIS SAPORITO, RELATOR, v. JOHN I. KIRK, CHAIRMAN OF WATER COMMITTEE, AND WILLIAM B. ROSS, TOWN CLERK, OF THE TOWN OF KEARNY, RESPONDENTS.

Submitted October term, 1936—Decided April 15, 1937.

Before Justices PARKER and LLOYD.

For the relator, *John J. Clancy.*

For the respondents, *John H. Cooper.*

LLOYD, J. The relator has a rule to show cause why a writ of *mandamus* should not issue directing the respondents to reinstate him in the position of shop superintendent of the water department of the town of Kearny.

Under the rule depositions have been taken and from them it appears that one McPeck had for several years and until his death in September, 1935, performed duties in the town

under the title of superintendent of the water department. On December of that year the relator was directed to report to the water department to assume the position occupied by McPeck and to perform its duties. This direction was in writing and signed by the chairman of the water committee. There was no other authority creating either the position or making an appointment. On February 18th, 1936, the relator was discharged.

The difficulty with the relator's claim is that the office or position of shop superintendent to which he desires reinstatement has never been legally created. Section 10 of the statute under which the town was incorporated (*Pamph. L.* 1902, p. 564; *Comp. Stat., p.* 5521) authorizes the creation of offices and appointment of incumbents thereto by ordinance. The Home Rule act of 1917 in section 1 of article 14 (page 352) (*Supp. Comp. Stat.* 1925-1930, *p.* 1105, § *136-1401a) is to like effect.

The relator contends that the fact that the services. of his predecessor were recognized by the town council, his services accepted and his salary paid, together with like action respecting his own incumbency for a short period of time. is sufficient to imply the creation of the office and the appointment of himself to fill it without the enactment of any ordinance for the purpose. We think not. Municipalities can act only under the authority of and in the manner accorded by statute. Inasmuch as authority to act by ordinance is only given to the governing body it seems clear that nothing short of such procedure would be sufficient to create an office or position. *Benson* v. *Weiler,* 6 *N. J. Mis. R.* 465; 141 *Atl. Rep.* 665; *Bullock* v. *Jeffries,* 117 *N. J. L.* 595; 189 *Atl. Rep.* 914.

The rule is discharged, with costs.