WILLIAM LINDEN, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SUSSEX, RESPONDENT.

Argued May 4, 1937—Decided July 3, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Morris & Downing.*

For the respondent, *William A. Dolan.*

The opinion of the court was delivered by

PERSKIE, J. Was the dismissal of the prosecutor in violation of chapter 212, *Pamph. L.* 1911, *p.* 444 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2163, § \*136-1721c(1))) (tenure of exempt firemen)?

Prosecutor, the holder of an exempt fireman's certificate dated June 27th, 1927, was employed in the engineering department of the county of Sussex in November of 1917, with no fixed term. He was detached from the engineer's office on April 8th, 1926, and "assigned to the office of the county road supervisor in charge of daily reports, payrolls and other work that in the judgment of the supervisor may be necessary for him to do." Again no term was fixed. On January 10th, 1928, on recommendation of the county engineer the salary of prosecutor, and others, was increased so that as of January 3d, 1928, he was receiving $160 a month. Thereafter his salary was again increased, and on February 1st, 1936, it was lastly raised from $175 to $185 a month. Between the date of his last increase and January 6th, 1937, when he was dismissed, the political personnel of the board changed. No charges were preferred against the prosecutor, nor was he accorded a hearing. In fact no complaint of any kind was made against his services. Was his dismissal illegal? We think so.

Chapter 212, *Pamph. L.* 1911, *supra,* provides as follows:

"1. No person now holding a position or office under the government of this state, or the government of any county, city, town, township or other municipality of this state, or who may hereafter be appointed to any such position, whose term of office is not now fixed by law, and receiving a salary from such state, county, town, township or other municipality, who is an exempt fireman * * * holding an exemption

certificate issued to him as such exempt member \* \* \* shall be removed from such position or office except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during such good behavior and shall not be removed for political reasons."

For the respondent it is argued in substance that (1) prosecutor was never appointed to a position or office within the meaning of the act; (2) that he is merely an employe; (3) that he was not the holder of the exempt certificate at the time of his employment; and (4) that his employment was terminated for economic reasons.

*First:* There seems to be no complaint as to the technique employed by respondent in the appointment of the prosecutor in the first instance, in 1917. Complaint is that on April 8th, 1926, prosecutor was not appointed to the office of the county road supervisor by either ordinance or resolution, and at all events, that being "assigned" to that office was not being "appointed" to a position or office within the purview of the act. There is no merit to these complaints. (1) There is nothing to indicate an improper appointment in the first instance, or the violation of any legislative provision for the change effected on April 8th, 1926, by the respondent in the proper and efficient administration of its affairs. Nor is it made to appear that the work which the prosecutor was thus directed to do was materially different or dissimilar in character than that which he had been performing. Prosecutor made no complaint by reason of the change. The argument as to the distinction between the words "assigned" and "appointed" is, under the facts of the case at bar, a mere juggling with words. (2) Respondent has construed its own language by its action as creating a position permanent in character, with certain and fixed duties appertaining thereto. *Cf. McGrath* v. *Bayonne,* 85 *N. J. L.* 188, 191; 89 *Atl. Rep.* 48. What we shall say on the next point will further amplify this phase of the case.

*Second:* Did prosecutor hold a position or was he a mere employe? The proof is clear and convincing that prosecutor was recognized and paid as its "time keeper." That he per-

formed his duties as such officer in the same office occupied by the county treasurer and was listed by respondent in the telephone directory as its time keeper. For the past ten years some of his certain and fixed duties consisted of the taking of daily time sheets as they came in, breaking them down into various appropriations for roads, keeping a record of all expenses under road maintenance, making out certificates of progress for submission to the road supervisor and county treasurer, and to the state highway department upon which certificates of progress respondent received the moneys due it for the maintenance of the county roads, consolidating reports for the making and drawing of payrolls, &c. These duties required all of his time and were practically continuous. They were almost the same day in and day out. That these duties were certain and fixed and had to be performed by some one for respondent is best evidenced by the fact that provision for their continuance was made by the respondent. An appropriation of $1,800 a year was made for the one to replace prosecutor. Prosecutor was not merely an employe. The proofs lead to the irresistible conclusion that he was the holder of a legal position within the intendment of the act. *Grimm* v. *Board of Chosen Freeholders, Sussex,* 118 *N. J. L.* 210, and cases therein cited. Nor does it matter that he did not hold the exemption certificate at the time of his appointment. It is sufficient that he was the holder thereof at the time of his dismissal. *Grimm* v. *Board of Chosen Freeholders, Sussex, supra.*

*Third:* Was the dismissal for economic reasons? The meager proofs on this point lack persuasion. We rather are of the opinion that prosecutor has made a clear and convincing showing of bad faith on the part of the respondent. *Blair* v. *Brady,* 11 *N. J. Mis. R.* 854; 168 *Atl. Rep.* 169; *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215, 219; 174 *Atl. Rep.* 199; *affirmed,* 114 *N. J. L.* 186; 176 *Atl. Rep.* 324. As we have seen, no complaint was made as to the services rendered by prosecutor, his salary was increased from time to time during his employment, the last increase made was on February 1st, 1936. Prosecutor's services were not discontinued until after

the political majority of the personnel of the board had changed. Was the position abolished? No. Was the position at the reduced salary offered prosecutor? No. In the words of the writer, for this court, in the case of *Seaman* v. *County of Monmouth*, 15 *N. J. Mis. R.* 249 (at *p.* 252); 121 *Atl. Rep.* 103, where the court examined and treated a like claim under somewhat similar circumstances, "the best evidence of good faith, of fair treatment of the prosecutor in the premises, factors entirely lacking herein, would have been at least, to offer the prosecutor the privilege of continuing in his position at the reduced or same salary the board undertook to pay his successor."

Respondent's action in dismissing prosecutor is set aside, with costs.