HERMAN COHEN, PROSECUTOR, v. TOWNSHIP COMMIT-
TEE OF THE TOWNSHIP OF HAMILTON, RESPOND-
ENT.

Argued May 5, 1937—Decided July 26, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Frank I. Casey.*

For the respondent, *Raymond J. Stewart, Jr. (Richard J. Hughes,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Did the removal of prosecutor trench upon chapter 226, *Pamph. L.* 1927, which relates to tenure of police officers under township government?   The pertinent pro-visions of the act of 1927, *supra,* provide that "the officers and men employed in the police departments of such town-ships shall hold their respective offices and places   *   *   * during good behavior and shall not be removed   *   *   * for political reasons, or on any ground except incapacity or dis-obedience, after hearing, upon written charges and a fair and impartial hearing upon such charges   *   *   *."

Prosecutor, a duly licensed physician of this state was, on June 16th, 1931, regularly appointed to the then existent position of police surgeon of the police department of the township of Hamilton at the yearly salary of $1,000.   His position is not a sinecure.   *Cf. Paddock* v. *Hudson Tax Board,* 82 *N. J. L.* 360; 83 *Atl. Rep.* 185.   His duties, *inter alia,* consisted of "checking on officers when they went on duty, checking on them to see whether they were fit to go on duty, the examination of rape cases, the examination of drunken drivers   *   *   * to go out on drowning cases when called

\* \* \* and giving medical treatment to the prisoners." Concededly prosecutor is entitled to the protection afforded by the act of 1927, *supra*, and could not, therefore, be removed from his position except for the reasons and in the manner therein prescribed, and except upon the further reason that his position was abolished in good faith in the interests of economy. *Cf. Reck v. Board of Commissioners, North Bergen,* 110 *N. J. L.* 173; 164 *Atl. Rep.* 468. Prosecutor performed his varied duties efficiently, without complaint from the day of his appointment until April 7th, 1936, when respondent passed an ordinance purporting to abolish permanently his position of police surgeon, for the stated purpose of economizing on salaries in the police department, and transferring the duties of his office to the office of the township physician, and terminating prosecutor's services. No charges were preferred against him nor was he given a hearing. He made application for a writ of *certiorari* to review the legality of the ordinance which carried with it his dismissal. The writ was allowed. 15 *N. J. Mis. R.* 74; 188 *Atl. Rep.* 689. The cause is now before us upon the merits.

For the prosecutor it is contended that respondent did not abolish his position, that the passage of the ordinance and the termination of his services were inspired, motivated and effected not in good faith in the interests of economy but in bad faith, solely for political reasons contrary to the act of 1927, *supra.*

For respondent it is contended not that prosecutor's position was abolished because it was useless (*Cf. Hunziker v. Kent,* 111 *N. J. L.* 565; 168 *Atl. Rep.* 825; *Santucci v. Paterson,* 113 *N. J. L.* 192; 173 *Atl. Rep.* 611), but rather because of the existence of a financial emergency necessitating strict economy, and that it acted in good faith. That contention is made to rest, in substance, upon the claims that tax collections were only about fifty-nine per cent.; that demands for relief upon it had greatly increased; that it was confronted with an unexpected demand of $6,400 by the state highway department after the passage of the budget for 1936, in payment of its share for the acquisition of certain rights of way; that it was obliged to make automatic wage scale

increases to members of the police department. It requires no extended discussion, under such circumstances, to justify the wisdom and need for economy in the administration of respondent's governmental affairs. Even if it be conceded that a municipality has the right, irrespective of motive, to abolish a useless office, to merge departments, to require officers and employes to perform duties in two or more departments providing that the work so required be similar in character, and providing further that the municipality acts in good faith and in the interests of economy, or for the betterment of the public service, the question still requiring decision is whether the prosecutor carried the necessary burden of proving bad faith. We think he did.

Let us recur to the record. What does it disclose? We find that as a result of the election in 1935 the complexion of the political majority of the personnel of the township committee changed; that they were of different political allegiance from that of prosecutor; that immediately following their election they boldly but frankly admit that they determined to replace prosecutor with one Dr. Corrigan, because he was a member of their own political party, and the prosecutor was not; that with but very few exceptions, irrespective of their stated reason of an emergency calling for economy, they distributed the patronage on the old time political theory that "to the victors belong the spoils." Respondent was advised by the township counsel that prosecutor could not be so replaced. But neither prosecutor's tenure nor their counsel's advice as to the law was permitted to thwart them in their set objective. Thus the challenged ordinance was conceived, enacted and prosecutor was dismissed.

Let it be observed that prosecutor and his counsel appeared at a meeting of the township committee when the final passage of the ordinance was considered. For prosecutor an offer was made, notwithstanding respondent's denial thereof, that he would carry on his duties, in the true spirit of economy, for the same pay that respondent was going to pay his successor for the performance of his duties. The offer was not accepted. The term of the then township physician expired on January 1st, 1937. The performance of prosecu-

tor's duties was apparently considered as necessary for his duties were transferred to the township physician, who, in addition to the duties of his office, performed the duties of police surgeon at the additional salary of $40 a month. At the expiration of the term of the then township physician, Dr. Corrigan, who was originally slated for prosecutor's position, was appointed the new township physician. Now does respondent's claim of an emergency, and resultant necessary economy effected by the removal of prosecutor, find support in the proofs?

Respondent, contrary to the action of its predecessors in office for several years past, partially restored pay cuts to officers in order to carry out their political promises made. As observed in the *per curiam* on the allowance of the writ, it suddenly filled positions in the police department "which had been dormant for years." Notwithstanding its claim of economy, the costs for the administration of the police department for the year of 1936 was $2,000 more than it was for the year 1935. Respondent's cry of economy is specious. And its letter to prosecutor—a licensed physician and surgeon—stating "* * * Because of your splendid record of service to the police department * * * if you would consider becoming * * * a patrolman * * * *you should be given a great deal of consideration,*" (mark: not the job), has both the earmarks of insolence and bad faith. It is well characterized as indicative of a purpose to add insult to injury.

Political reasons, prohibited under the act, and not reasons of economy, or reasons which had for their purpose the betterment of the public service, were the real reasons for the enactment of the ordinance and the dismissal of the prosecutor. We are entirely satisfied that prosecutor has fully established a clear showing of bad faith on the part of respondent. *Blair* v. *Brady,* 11 *N. J. Mis. R.* 854; 168 *Atl. Rep.* 769; *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215, 219; 174 *Atl. Rep.* 199; *affirmed,* 114 *N. J. L.* 186; 176 *Atl. Rep.* 324; *Linden* v. *Board of Chosen Freeholders, Sussex* (No. 227, May term, 1937, Supreme Court).

The challenged ordinance and the dismissal of prosecutor is set aside, with costs.