HARRY W. MARGERUM, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF PRINCETON, RESPONDENTS.

Submitted January 18, 1938—Decided April 5, 1938.

Before Justices Bodine, Heher and Perskie.

For the prosecutor, *Frank I. Casey.*

For the respondents, *William C. Vandewater.*

The opinion of the court was delivered by

Perskie, J. The sole issue in this cause is whether the mayor and common council legally removed prosecutor, an exempt fireman, from his employment with the borough of Princeton.

We learn from the depositions taken that prosecutor, the holder of an exempt fireman's certificate, was employed in October of 1928 by the mayor of the borough of Princeton as a night clerk. No oath of office was administered; prosecutor was not officially assigned to any department; and the duration of his employment was not fixed. Prosecutor acted as a telephone operator at the borough hall from one to nine A. M., daily; he received telephone calls, docketed messages, referred matters to the proper departments, took informal charge of persons and children lost or detained for special reasons, and at times during the fall of each year was on special duty at football games. Prosecutor concedes that he did not, however, become a member of the police department. His pay was originally $80 per month but it was increased in two stages to $110 per month. On June 24th, 1935, the governing body of the borough of Princeton passed a resolution removing prosecutor and others from their employment as "desk sergeants," and replacing them with three special officers who were qualified to serve in the police department. Prosecutor attacks the validity of this resolution, the alleged purpose of which was to raise the morale of the police depart-

ment by placing all men who worked there under the control, and subject to the jurisdiction of the chief of police. Prosecutor's attack upon the resolution is predicated upon 2 *Rev. Stat.* 40:47-60 (*Pamph. L.* 1911, *ch.* 212, § 1, *p.* 444), which, so far as is here applicable, provides:

"No person now holding a position or office under the government of this state, or the government of any county or municipality thereof, * * * who is an exempt fireman * * * holding an exemption certificate issued to him * * * shall be removed from his position or office except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during good behavior and shall not be removed for political reasons."

*First:* We are entirely satisfied that the resolution in question is legal. It is clear that the statute relied upon by prosecutor refers only to those exempt firemen who hold an office or position. Thus, notwithstanding the fact that prosecutor is an exempt fireman, and was not afforded a hearing prior to his dismissal, we are necessarily obliged to determine whether he held an office or a position.

Prosecutor frankly concedes that he was not the holder of an office. Rightly so. For, nothing in the borough charter, or Home Rule act is brought to our attention showing that any such office existed. And, no such office has ever been created because, in order to create a legal office, an ordinance is necessary. *Toomey* v. *McCaffrey,* 116 *N. J. L.* 364; 184 *Atl. Rep.* 835. *Cf. State* v. *Weiler,* 6 *N. J. Mis. R.* 465; 141 *Atl. Rep.* 665. And no such creative ordinance is brought to our attention.

Does prosecutor hold, as he claims, a position? Here again he must show that such a position existed, or that it was legally created. This he has failed to do. We search the record in vain for anything which might show that the position existed. Nor was the position ever legally created since we have held that a position must also be created by ordinance (*Bullock* v. *Jeffries,* 117 *N. J. L.* 595; 189 *Atl. Rep.* 914; *affirmed,* 119 *N. J. L.* 27; 194 *Atl. Rep.* 159) and here again no such creative ordinance is brought to our attention. All

that appears is that the mayor of the borough orally, for aught that appears, told prosecutor to work as a "night clerk." Such an appointment falls far short of legally creating a position.

And even it be assumed, but not decided, that a position existed or was legally created, still, under the borough charter, the mayor cannot, acting alone, without council, legally make an appointment to such a position.

*Second:* In addition to all that has been written, we are entirely satisfied, after a careful examination of the proofs, that prosecutor has not carried the necessary burden of proving that he was removed for political reasons, or that the challenged resolution was motivated by, and passed in bad faith. *Cf. Cohen* v. *Township Committee of Hamilton Township,* 15 *N. J. Mis. R.* 687, 689; 194 *Atl. Rep.* 436; *Blair* v. *Brady,* 11 *N. J. Mis. R.* 854, 857; 168 *Atl. Rep.* 668; *Linden* v. *Board of Chosen Freeholders, Sussex,* 15 *N. J. Mis. R.* 549; 192 *Atl. Rep.* 843; *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215, 219; 174 *Atl. Rep.* 199; *affirmed,* 114 *N. J. L.* 186; 176 *Atl. Rep.* 324.

Accordingly the writ of *certiorari* is dismissed, but without costs.