BOARD OF COMMISSIONERS OF THE CITY OF BAYONNE
ET AL., PROSECUTORS, v. THE BOARD OF EDUCATION
OF THE CITY OF BAYONNE ET AL., RESPONDENTS.

Argued December 16, 1943—Decided January 17, 1944.

Before Justices HEHER and PERSKIE.

For the prosecutors, *Collins & Corbin* and *William Rubin*
(*Edward A. Markley*, of counsel).

For the respondents, *John Warren* (*Raymond J. Cuddy*,
of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an application by respondents for an
order to limit the issues and depositions to be taken in sup-
port thereof to the inquiry as to "whether or not" respondent
Board of Education of the City of Bayonne had the "power"
and "need" to pass the resolutions under review and to strike
all other reasons set down by prosecutors for setting aside
the challenged resolutions.

Although respondent has abandoned its ground to quash
the writ for lack of diligence in the prosecution thereof, none-
theless, it is urged that we should further order the comple-
tion of the depositions within a time fixed to the end that

this cause may be heard on its merits at the January, 1944, term of this court. A chronological statement of the steps taken in this cause is advisable.

On November 6th, 1943, the Chief Justice allowed prosecutors a writ of *certiorari* to review the resolutions which respondent had adopted on August 7th, 1943, September 2d, 1943, and October 21st, 1943. The writ contained the legend that it was "not to prevent individual respondents from continuing to work in their designated capacities."

On November 26th, 1943, respondent filed its return to the writ.

On December 3d, 1943, prosecutors filed their reasons.

On December 16th, 1943, the motion was argued and leave was granted to respective counsel to file briefs, the last of which came to us during the last week of December, 1943. The taking of the depositions, we are told, had been noticed to begin on December 20th, 1943, and was to be continued throughout December 21st and 22d, 1943. Nothing is presently before us to indicate that the cause will not be ready for presentation at the January, 1944, term.

There is no need to detail the many resolutions in issue. It is sufficient to observe that by these resolutions the personnel of the Bayonne school system (consisting of teachers, principals, vice-principals, secretaries, janitors, engineers and others), was increased by 93 or more persons, that tenure was given concurrently with appointments, that promotions and increase of salaries of former appointees were made, and that the additional costs thus incurred was $150,000 for the school year of 1943-1944.

Prosecutors set down twelve reasons upon which they base their contention that the resolutions should be set aside. Here, too, there is no need for details. An epitomized statement of their substance shall suffice. They charge "abuse of discretion," "bad faith" and "politics." In support of these charges, briefly stated, it is alleged that the increase in personnel was made in face of a marked and continued diminution in the number of pupils, of an abandonment, for like reason, of the use of two school buildings, of lack of sufficient work for those already in the system, and in face of an over

and illegal expenditure, in excess of the fixed appropriation, of $150,000 for the school year of 1943-1944. It is specifically alleged that the resolutions were adopted to discharge political obligations of the outgoing commissioners whom the then majority of the membership of the Board of Education had supported for re-election. In short, venal "politics" is charged by the prosecutors who were elected as city commissioners in May of 1943. Respondents, in turn, charge prosecutors with the same brand of politics, of bad faith.

The burden is on prosecutors to establish, by proper proof, the truth of their charges. *Cf. Margerum* v. *Princeton*, 120 *N. J. L.* 36, and cases collated (at *p.* 39); 198 *Atl. Rep.* 385; *Peter's Garage, Inc.,* v. *Burlington*, 121 *N. J. L.* 523, 527; 3 *Atl. Rep. (2d)* 634; *affirmed*, 123 *N. J. L.* 227; 8 *Atl. Rep. (2d)* 910; *Murphy* v. *Bayonne*, 130 *N. J. L.* 336; 32 *Atl. Rep. (2d)* 832; *Taggart* v. *Altman*, 130 *N. J. L.* 563; 33 *Atl. Rep. (2d)* 916. They are entitled, as a matter of right, to the fullest opportunity properly to do so. No word nor judgment of this court shall deprive them of that right.

The motion is denied, with costs.