MIMI K. ROSS, EXECUTRIX OF THE ESTATE OF HAMILTON M. ROSS, DECEASED, PLAINTIFF-RESPONDENT, v. CITY OF GARFIELD, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 6, 1941—Decided May 1, 1941.

For the plaintiff-respondent, *Winne & Banta* (*John A. Christie,* of counsel).

For the defendant-appellant, *Henry L. Janowski* (*John J. Breslin, Jr.,* and *James A. Major,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal brings before us for review a judgment entered in favor of the plaintiff by direction of Judge Barbour in the Bergen County Circuit Court.

Hamilton M. Ross, now deceased, was engaged by the City of Garfield, defendant, to do certain auditing work for it, the compensation being $125.00 per month. The services were performed under direction of officials of the city. The hiring was authorized by a resolution adopted by a majority vote of the City Council and his services were later terminated also by the adoption of a resolution by the City Council. Ross submitted a sworn bill for services he performed in January and February, 1938, and likewise one later covering the months of March to November, 1938. A period in all of eleven months amounting to $1,375. The City Council adopted two resolutions authorizing the payment of these bills. The first on April 27th, 1938, and the second on December 30th, 1939. In pursuance with these resolutions checks for the payment of those bills were drawn and signed by the city clerk but the mayor, whose signature was also necessary, refused to sign the same.

The defendant moved for a nonsuit and at the close of the testimony for a directed verdict in its favor on the ground that Ross was not entitled to compensation because he held no city office or position either *de jure* or *de facto;* that the resolution engaging his services was void and of no effect because an office can not be created by resolution but only by ordinance.

The trial court denied these motions and on plaintiff's motion directed a verdict in his favor for the amount claimed.

We think that these rulings were right.

Ross did not hold any office or position, he was merely hired as an employe by the city subject to discharge at any time. He performed the work he was hired to do and is entitled to be paid the agreed compensation. Moreover, his hiring was ratified and his services accepted by the resolutions adopted authorizing that he be paid.

Garfield was organized under the provisions of chapter 135, *Pamph. L.* 1899, which statute and its amendments and sup-

plements was re-enacted by the Revision of 1937 by *N. J. S. A.* 40:107-1. One of the said supplements to the 1899 act, *supra,* was enacted in 1901, chapter 70, section 2 of that act providing as follows:

"The City Council may employ from time to time such assistants and employes as the necessities of the City may require, and may pay such compensation to them as such services may be deemed reasonable worth; \* \* \*."

Under authority of this statute we think that the city had power to employ Ross to do the work in question and to fix his compensation at its reasonable worth. There was testimony that the sum agreed to was reasonable for the services performed. This testimony was allowed over objection and it is argued that it was inadmissible. We think not because under the quoted statute the authority to employ Ross was limited by payment of reasonable compensation for services performed.

While it is true that the complaint contained a count on the theory of *quantum meruit* and that the testimony under discussion may have been offered thereunder nevertheless the case was not decided on that count and, as stated, the testimony was pertinent and material for the reason given.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR. WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.