IN THE MATTER OF THE APPLICATION OF THE CITY CLERK OF THE CITY OF PASSAIC, TO HAVE HIS OBJECTIONS TO THE PETITIONS OF CERTAIN PERSONS PREPARED FOR THE PURPOSE OF HAVING THE VOTERS OF THE CITY OF PASSAIC VOTE UPON AN ORDINANCE PASSED FOR THE PURPOSE OF INCREASING THE SALARIES OF THE CITY COMMISSIONERS UNDER A SUPPLEMENT TO CHAPTER 221, PAMPHLET LAWS OF 1920, AND KNOWN AS CHAPTER 40, PAMPHLET LAWS OF 1920, EXAMINED AND SUSTAINED OR OVERRULED.

Argued May 12, 1920—Decided May 18, 1920.

1. Where an act is plain and unambiguous in its terms, the rule is fundamental that there is no room for judicial construction, since the language employed is presumed to evince the legislative intent.

2. It is not necessary that a petition filed with the clerk of a municipality and protesting against the passage of an ordinance to increase the compensation of the commissioners, as provided by chapter 40 of the laws of 1920, be verified by affidavit.

On petition, &c.

For the petitioners, *Henry C. Whitehead.*

For the City of Passaic, *Albert O. Miller.*

The matter was heard and the opinion delivered pursuant to the statute by

MINTURN, J. The legislature in adopting the Walsh act (*Pamph. L.* 1911, *p.* 462, *ch.* 221), for the government of municipalities, incorporated in its provisions certain distinctive features providing for a recall and method of popular legislation, based upon the notion of an initiative and referendum proceeding. These features of the legislation were to be made operative by the filing of a duly verified petition, by a percentage of the municipal voters, and this provision of the legislation particularly with reference to the legal effect of filing such a petition, and the duties of the municipal clerk with relation thereto, was reviewed by the Supreme Court in *Ford* v. *Gilbert,* 89 *N. J. L.* 482.

The act of 1911, section 4, prohibited an increase of the salaries of the commissioners elected under the act during their term of office. The act of 1917 (*Pamph. L., p.* 767) provided that such increase may be made by ordinance after approval thereof by the people. In pursuance of this provision such an ordinance was passed by the commissioners and was thereafter submitted to the people for approval, and was rejected. In this situation the legislature of this year enacted chapter 40 of the Laws of 1920 (at *p.* 83), which empowers the commissioners, by ordinance, to increase their compensation not to exceed fifty per centum of the salary fixed by the original act to which this legislation was declared to be supplemental.

The act contains the condition in effect, that the ordinance thus passed shall not become operative for a period of ten days after its publication, during which *interim* a petition may be presented to the commissioners, "signed by electors of the city equal in number to at least fifteen per centum of the entire vote cast at the last preceding general municipal election, protesting against the passage of such ordinance,

* * * in which case such ordinance shall remain inoperative," until adopted at the next general, state or municipal election. Pursuant to the provisions of this enáctment, an ordinance was duly passed by the commissioners, and within the ten days provided by the act petitions purporting to be signed by at least fiifteen per centum of the entire vote cast at the last preceding municipal election was filed with the commissioners, protesting against the ordinance. Thereafter the municipal clerk rejected the petitions upon the ground that they are inoperative because they contain no affidavit verifying the signatures of the signers as is required by the provisions of the Walsh act to which reference has been made, and he presents a petition praying that his objection to the petitions may be sustained. This situation presents an issue which requires the construction of the act of 1920. Where an act is plain and unambiguous in its terms the rule is fundamental that there is no room for judicial construction, since the language employed is presumed to evince the legislative intent. *Douglass* v. *Freeholders*, 38 *N. J. L.* 214; *State* v. *Brewster*, 42 *Id.* 125; *Heston* v. *Atlantic City*, 93 *Id.* 317.

In consonance with this principle it has been held that it would be a perversion of the rule to so apply it as to defeat the expressed will of the legislative body, so as to control the language of subsequent statutes by any supposed policy of previous statutes, even if *in pari materia*. *Goodrich* v. *Russell*, 42 *N. Y.* 177; *Jersey City* v. *Hall*, 79 *N. J. L.* 559.

All efforts and rules of construction are designed to discover the legislative intent, and where that is specific and plain it requires no effort at harmonizing with previously expressed legislative policies, for the reason that such an attempt would be tantamount not to construction, but to judicial legislation. In this instance the legislature had before it a body of statutory law which it proposed to supplement in a certain particular only, and it must be assumed that the legislative body was fully conversant with the public policy, which in the respects to which I have adverted,

made expedient the attaching of an affidavit to the petitions filed for those purposes. Yet, the act under consideration provides no such detail, and the inference results that the legislature intended none, for if it intended to supplement the petition with an affidavit, it would have specifically required it or would have referred to the sections of the main act wherein provision is made for such affidavit. Either method would require little change of verbiage in the act. and the fact that such a provision or reference was not incorporated in the act leads to the inference that it was not intended to include it. Thus it has been held that where in a subsequent statute on the same subject as a former one, the legislature uses different language in the same connection, the courts must presume that a change of the law was intended. *Black Int. L.* 191; *Lehman* v. *Robinson,* 59 *Ala.* 219; *Rich* v. *Keyser,* 54 *Pa. St.* 86.

The result is that since the enactment in question does not require the affidavit contended for, its presence is not necessary and the petition in that respect is in compliance with the statutory requirement.