JOSEPH HALE, RELATOR, v. COUNCIL OF THE TOWN OF KEARNY, RESPONDENT.

Argued February 9, 1924—Decided March 3, 1924.

1. Under section 1 of "An act providing for the formation, establishment and government of towns" (*Pamph. L.* 1895, *p.* 217), and the Home Rule act (*Pamph. L.* 1917, *p.* 319), the appointment of subordinate officials of a town, whose term of office and method of appointment are not specifically set out in those acts, must be made by an ordinance of the governing body of the town and not by a resolution.

2. A writ of *mandamus* will not issue to restore or install the relator to an office or position in a town, unless his legal right thereto is free from doubt.

On rule to show cause why a *mandamus* should not issue.

Before Justice MINTURN, by consent.

For the relator, *Charles W. Torrance* and *John J. Lenehan*.

For the respondent, *John A. Cooper*.

The opinion of the court was delivered by

MINTURN, J. The relator seeks upon this rule to show cause to be restored by *mandamus* to the position or office of assistant water purveyor of the town of Kearny. He was appointed without stated salary by resolution for the "full legal term," on January 1st, 1922. He qualified and performed the duties until January 1st, 1923. Upon this latter date William Goobert was appointed, and performed the duties until November 10th, 1923, when this court set aside the resolution appointing him. Thereafter the relator sought reinstatement and the arrears of compensation due to him. The town contends that the appointment was illegally made under article 14, section 1 of the Home Rule act (1917); that it should have been made by ordinance, since the act requires such appointments to be so made, and that it was also invalidated by article 13, section 1 of the same act, as

amended by *Pamph. L.* 1919, *p.* 26, because of the failure of the town council to provide at the time of the appointment a salary for the incumbent. It is to be gathered from the stipulation of facts that another person is now occupying the place, and if this be so the relator has misconceived his remedy, which should be *quo warranto. Simon* v. *Hoboken,* 52 *N. J. L.* 367.

But if this be not the fact, the rule is invariable that *mandamus* will not go unless the legal right to the performance of the required duty be clear and manifest, and not debatable. *State* v. *Jacobus,* 26 *N. J. L.* 135; *Secaucus* v. *Kiesewetter,* 83 *Id.* 227; *Stretch* v. *State Board,* 88 *Id.* 92.

In this case the Town act adopted by Kearny (*Pamph. L.* 1895, *p.* 218), provides that the "term of any officer elected or appointed may be fixed by ordinance;" and that the council may "in like manner appoint such other subordinate officers as may be deemed necessary, and fix their terms of office and compensation and define their duties."

The Home Rule act (*Pamph. L.* 1917, *p.* 319, *art.* 14, § 1) provides that "the governing body of every municipality shall have power to make, publish and enforce, amend or repeal ordinances, to provide for the employment and compensation of such officials and employes, in addition to those provided for by statute as may be deemed necessary; to prescribe and define their duties;" and by article 13, section 1, by ordinance "to fix and determine the amount of salary, wages and compensation to be paid to each officer, employe, servant and agent of such municipality."

In a situation of this character, involving the creation of a new office or position, carrying with it the imposition of a new and additional burden upon the taxpayers, the proposed creation is sufficienty important to require notice at least to the taxpayers of the details of the project under consideration and in orderly municipal procedure, such notice can adequately be given, not by the passage of a resolution, but only by the passage of an ordinance, thereby giving time for public consideration and deliberation. The cases in which a resolution has been held sufficient as a legal method of

municipal expression are those where the legislature had failed to affirmatively express its purpose as to the procedure to be pursued. But where, as in the case at bar, the legislative intent is expressed explicitly, both in the town charter and in the Home Rule act, to the effect that the official position or employment shall be created only by ordinance, which shall fix and prescribe the salary of the position or office, no room is left for construction or interpretation, and the express language of the statute becomes the sole and imperative guide for legal municipal procedure. *Commissioners* v. *Brewster,* 42 *N. J. L.* 125; *In re Passaic,* 116 *Atl. Rep.* 695.

To emphasize as it were the correctness of this construction, the legislature in 1923 (*Pamph. L.* 1923, *p.* 306) passed an act validating resolutions of this character, "notwithstanding any defect or irregularity in the proceedings by reason of the failure of the governing body of the municipality to fix and determine such salary, wage or compensation by ordinance."

Manifestly, therefore, the legal title of the relator to the office or position in question, in any aspect of the case is not, to say the least, free from doubt; and the issuance of a writ of *mandamus* in such a situation would be incompatible with the well-settled legal rule requiring the existence of a clearly defined legal status as a condition precedent to the issuance of the writ.

The rule will therefore be discharged.