ELERY L. (SOMETIMES KNOWN AS EDWARD L.) BUL-
LOCK, PROSECUTOR, v. EARL JEFFRIES, JOHN
SPALDING AND JOHN RISLEY, COMMISSIONERS OF
THE CITY OF MARGATE CITY, AND THE CITY OF MAR-
GATE CITY, RESPONDENTS.

Argued October 8, 1936—Decided February 6, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Wilbur J. Bernard* and *Thomas V. Fields.*

For the respondents, *Enoch A. Higbee, Jr.*

LLOYD, J.   The prosecutor of this writ is a discharged, disabled veteran, who claims that he was unlawfully discharged from his position as automobile mechanic for the city garage.   He seeks reinstatement on the ground that he is a veteran and that he was consequently unlawfully dismissed; also that the dismissal was not by the proper authority.

There are two fundamental difficulties which lie in the path of the prosecutor:   First, the long delay in seeking relief through the courts; and second, that the position which he claims to hold was never legally created.

As to the first, he was dismissed June 1st, 1935.   He took no action in the court looking to relief until January 26th,

1936; eight months after his dismissal. No sufficient reason is given for this long delay. In the case of *McMichael* v. *South Amboy,* 14 *N. J. Mis. R.* 183; 183 *Atl. Rep.* 477, a delay of three months was held fatal to the granting of relief.

As to the second difficulty, the position of automobile mechanic was created by the adoption of a motion by the board of commissioners in January, 1930. In the case of *Toomey* v. *McCaffrey,* 116 *N. J. L.* 364; 184 *Atl. Rep.* 835, this court held that an office could not be so created under the Home Rule act which in article 14 (*Pamph. L.* 1917, *p.* 319), declares that the "governing body of every municipality shall have power to make, publish, enforce, amend or repeal ordinances for the following purposes: (c) provide for the employment and compensation of such officials and employes, in addition to those provided for by statute as may be deemed necessary for the proper and efficient conduct of the affairs of the municipality."

In the case cited the creation of the position or office was by resolution and it was held insufficient to create the office. If this be so, as to an office or an official, it would seem to be equally so as to an employe, as the power to provide for the employment of both classes of governmental agents is in *pari materia.*

The writ of *certiorari* is dismissed, with costs.