ABRAHAM VAN BROOKHOVEN ET AL., RELATORS, v. THOMAS J. KENNEDY, MAYOR OF THE CITY OF PASSAIC, ET AL., DEFENDANTS.

Submitted May 7, 1940—Decided August 13, 1940.

Before Brogan, Chief Justice, and Justices Parker and Perskie.

For the relators, *Oscar R. Wilensky* and *Charles J. Bodner*.

For the defendants, *Thomas E. Duffy*.

Brogan, Chief Justice. This is an action in *quo warranto* brought in the name of the State of New Jersey on the relation of Messrs. Van Brookhoven, Berenbach and Crawbuck as relators. These individuals formerly held the office of assistant superintendent of weights and measures in the city of Passaic. From the time of their appointment in 1938, until February, 1940, they aver that they performed the duties of such offices. On the latter date Messrs. McNamara, Shaw and Yatsko were appointed in their place and stead and the relators were dismissed without hearing and for no stated cause.

The Weights and Measures Department of the municipality is allocated to the Department of Public Affairs of the city, presided over by its director, Thomas J. Kennedy, mayor. The state of case and briefs are entitled in the name of the State of New Jersey on the relation of these several relators and Mayor Kennedy is named as a defendant. The state is no party to this action and the name of the state should not be used in connection therewith (Supreme Court rule No. 15) ; nor should Mayor Kennedy be named as a defendant. He does not hold the office in controversy. This information in the nature of *quo warranto* is filed as a matter of right by

one who contends that he has title to the municipal office; the claim being that such respondent usurps, intrudes into or unlawfully holds or executes such office. *R. S.* 2:84-7. Nor is it necessary or good practice for that matter for a relator, who claims title to a municipal office and charges that another unlawfully holds it, to ask leave of the court to exhibit an information in the nature of a *quo warranto* in the name of the attorney-general. *R. S.* 2:84-1. This practice is properly invoked when a person, himself a stranger to the office, for instance, a citizen, complains that a named respondent usurps or unlawfully holds any office or franchise in this state.

There was a plea to the information and a demurrer to the plea. The respondents aver in the plea that the offices in question were never established by ordinance and they deny the legitimacy of the appointment of the relators. The relators, in addition to filing a demurrer, join issue on those allegations of the plea which challenge the validity of their appointment. Most of the pertinent facts are stipulated, the rest supplied by depositions. Among other things it is stipulated that an ordinance does exist creating the office of sealer or superintendent of weights and measures, but from the testimony of the municipal clerk as it appears in the depositions, no ordinance was ever passed by the governing body creating the office of assistant superintendent of weights and measures. Admittedly the relators were dismissed not for any dereliction on their part but at the whim of the head of the department, who appointed the respondents in their stead. Elsewhere in the depositions it would seem that an ordinance had been passed in June, 1931, "under which the office and offices of Assistant Superintendent of Weights & Measures" were abolished. No ordinance, afterwards passed, re-established these officers. The question in the case is whether the relators are entitled to occupy the office in question.

The argument of the relators is that as assistants they have tenure of office and could not be dismissed except for cause. If the office of assistant superintendent does exist we may concede that such appointees have tenure. *R. S.* 51:1-53.

The question, however, is: Does such office exist? The respondents argue that the office of superintendent existed. This may be conceded because the office of superintendent was created by ordinance, admittedly, and the contention is that since the statute—51:1-45—authorizes the governing body to fix the number of assistant superintendents, and since these men were appointed and functioned for a considerable time and received remuneration for which provision in the budget for several years was made, therefore the office of assistant superintendent of weights and measures was created and the relators had tenure. But this argument, in our view, is not sound. We are face to face with the proposition that the office of superintendent of weights and measures was created by ordinance under the enabling statute, *supra,* but that the office of assistant superintendent, which assuming that it once existed, was expressly abolished by ordinance in 1931, and that no legislative act or ordinance of the local body ever revived or recreated the office of assistant superintendent of weights and measures. The conclusion is inescapable that such office does not exist. As against this incontrovertible fact the relators say that under the Commission Form of Government act, or the Walsh act as it is commonly called, of 1911, the executive, administrative, judicial and legislative powers and duties were distributed to the heads of the several departments; that the department of weights and measures was allocated to the Department of Public Affairs and that the appointment of relators having originally been made by such Director of Public Affairs it had the efficacy of an act of the governing body; that the director could and did create the office of assistants; that they were properly appointed by the head of the department and that even if they were not properly appointed their appointment was ratified by the commission because the entire governing body had adopted various budgets in which the names of the relators appear as assistant superintendents of weights and measures. But we do not so construe the controlling statutes—51:1-43; 51:1-45—the pertinent language of which provides that the governing body of the municipality may *by ordinance* provide for the office of and appoint a municipal superintendent of

weights and measures and again the governing body of the municipality shall fix "the number of assistant superintendents therein." These legislative provisions are *in pari materia* and must be read and construed together. And so, on this phase of the case, we hold that under the statute, *supra,* the creation of the office of assistant superintendent of weights and measures *by ordinance* is indispensable.

Turning to the particular arguments made by the relators in the order in which they are made—first, that these relators have tenure of office, it is clear that there is no merit to the point. Unless there be a *de jure* office—and in this case there was not—there cannot be a *de facto* office. *Toomey* v. *McCaffrey,* 116 *N. J. L.* 364. There can be no tenure to an office that is legally not existent.

The next point is that the office of superintendent existed and because of that fact the office of assistant was created. This point, already discussed, need not be amplified to any extent. Nothing in the statute, *supra,* concerning the creation of the office of superintendent and the office of assistant tolerates any construction save that the offices must be created *by ordinance,* which in this case was not done. No other point made by prosecutors requires discussion.

If, as here, the statute requires that an office shall be created and appointment made thereto by ordinance, an office attempted to be created or an appointment made in any other way is invalid. So it follows that the demurrer must be overruled. The relators must show title to the office in themselves before they may be heard to inquire by what right the respondent holds the office. Failure on the part of the relator, when he claims the office for himself, to establish his true title to it, is fatal to his proceeding in *quo warranto.* *Manahan* v. *Watts,* 64 *N. J. L.* 465, 470; *Bonynge* v. *Frank,* 89 *Id.* 239. The title of the respondents to these offices is at the moment immaterial. ·

There will be a judgment for the respondents, with costs.