CITY OF ORANGE, A MUNICIPAL CORPORATION, PROSE-CUTOR, v. LOUIS J. GOLDBERG AND CIVIL SERVICE COMMISSION OF NEW JERSEY, RESPONDENTS.

Argued January 20, 1948—Decided March 29, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Edmond J. Dwyer.*

For the respondent Goldberg, *Louis J. Goldberg, pro se,* and *Charles Handler (Frank I. A. Kent,* of counsel).

For the respondent Civil Service Commission, *Walter D. Van Riper,* Attorney-General (*John W. Griggs,* Deputy Attorney-General, of counsel).

The opinion of the court was delivered by

COLIE, J.   The City of Orange was allowed a writ of *certiorari* to review a decision of the Civil Service Commission of New Jersey setting aside "the appointment of Michael M. Marucci * * * to the newly created position of Assistant City Council" and ordering "that if such position or any comparable position is to be filled * * * such position shall be filled by the re-appointment of * * * Louis J. Goldberg."

The salient facts are that on August 1st, 1935, Louis J. Goldberg was appointed special legal assistant to the law department to act temporarily for a period of five months.   On December 28th, 1935, he was continued in his temporary capacity "until such time as final disposition is made of this position."   About one year later, on December 29th, 1936, Mr. Goldberg was "appointed as Legal Assistant to the Law Department of the City of Orange."   These three appointments were made by Walter B. Savage, then Director of the Department of Public Affairs of the municipality and are evidenced by letters from the latter to William F. Christiansen, the city clerk.   Mr. Goldberg continued to serve as legal assistant of the law department until one Russell A. Riley, who succeeded Mr. Savage as Director of the Department of Public Works, wrote to the city clerk on June 27th, 1938, advising him that Mr. Goldberg's services would be discontinued as of July 1st following.   Prior thereto, in 1937 the City of Orange, as a result of a referendum adopted the Civil Service Act, *R. S.* 11:1–1, *et seq.*   After the termination of Mr. Goldberg's employment, no attempt was made to assign anyone to the position of legal assistant or assistant to the city counsel of the law department.   The next steps were the passage of an ordinance on December 17th, 1946, creating and establishing the office of assistant city counsel and the appointment of Michael M. Marucci thereto at an annual salary of $1,500 for a period of three years.   Mr. Goldberg

then petitioned the Civil Service Commission, praying for an order declaring the office created by the ordinance of December 17th, 1946, to be the same office or position as that from which he was dismissed; that Michael Marucci was improperly and illegally appointed to said "office" and directing that the appointment be set aside and praying that petitioner, Mr. Goldberg, be re-employed and reinstated to the position of legal assistant to the law department. After a hearing the commission set aside the appointment of Mr. Marucci and ordered that such position, if it is to be filled, be filled by the reappointment of Mr. Goldberg. The decision states that "this Commission will not now undertake to rule that the position of Legal Assistant was not properly created. The City authorities made the employment, assigned duties to the employee, appropriated moneys for such employment and made payment thereof to the appellant." The first point argued by the city is that Mr. Goldberg was not at any time appointed to an office or position created by municipal ordinance and in the brief filed on behalf of the Civil Service Commission it is urged that "the adoption of Title II [Civil Service Act], by prosecutor and its certification of the respondent, Louis J. Goldberg, to the Civil Service Commission as an employee of the prosecutor constituted a valid appointment and justified the Civil Service Commission in concluding as it did." These contentions on behalf of the municipality and of the respondents herein squarely raise the issue as to whether Louis J. Goldberg ever held a legally created position, and it is to be noted that the commission in rendering its decision expressly reserved that question and did not pass thereon.

The prosecutor makes the point that a municipality may not create a position except by ordinance and that since none had been passed creating the position of special legal assistant or legal assistant, there was no legally created position to which the right to tenure in Mr. Goldberg could attach. In *Davaillon* v. *Elizabeth*, 121 *N. J. L.* 380, the Supreme Court had before it the question of the legal sufficiency of a resolution adopted by the city council creating the position of assistant city clerk. The court set aside the resolution and said : "The legislature has decreed that this delegated power

to create municipal offices and positions, and to prescribe the compensation and the duties appertaining thereto, involving as it does an increase of the financial burden of local government, shall be exercised only by ordinance." This holding is dispositive of the present case in favor of the prosecutor.

Respondents urge an affirmance of the order under review and cite in support an excerpt from *Davaillon* v. *Elizabeth, supra,* wherein Mr. Justice Heher said: "But the Civil Service Act of 1908 (*Comp. Stat.* 1910, *p.* 3795; *R. S.* 1937, 11:1–1, *et seq.*), adopted by the defendant municipality on November 4th, 1913, plainly falls into the category of general legislation, and therefore the qualifying phrase 'except as otherwise provided by law,' contained in section 40:48–1, *R. S.* 1937, serves to subject the exercise of the power so conferred to the provisions of that enactment. Any doubt as to this is resolved by the more specific expression in section 40:46–12 that no 'provision' embodies in subtitle 3 of title 40 of the Revised Statutes, *supra* (which includes section 40:48–1), shall 'make void or change any provisions * * * of any other tenure of office act.' Thus it is that the authority conferred by section 40:48–1 is to be exercised in complete subordination to the provisions relating to civil service."

The quoted language must be read in light of the problem confronting the court, which was the question of whether the ordinance under consideration providing as it did for "a term of three (3) years" was not in conflict with the provision of the Civil Service law providing for tenure during good behavior. Furthermore, *R. S.* 11:1–1, *et seq.,* will be searched in vain for any language which may be read as dispensing with the requirement of an ordinance "to prescribe and define * * * the duties and terms of office or employment of all officers and employees."

It is argued on behalf of the respondents that the adoption by the municipality of the Civil Service Act and the subsequent certification of Goldberg to the commission as an employee constituted a valid appointment and justified the decision under review. In this respect the instant case is controlled by the *Davaillon* case in which the same conditions prevailed. Respondents also rely upon *R. S.* 11:21–6. Sec-

tion 6 applies only to the protection of the holders of legally created positions and the position held by respondent Goldberg was not such.

The order under review is reversed.