MADELYN GRUNEWALD, MARGARET LaCOLLA AND HELEN CAHILL, PLAINTIFFS-RESPONDENTS, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WEEHAWKEN IN THE COUNTY OF HUDSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1952—Decided March 19, 1952.

Before Judges McGeehan, Jayne and Wm. J. Brennan, Jr.

*Mr. Harold Kolovsky* argued the cause for respondents (*Messrs. Platoff & Platoff*, attorneys).

*Mr. James Rosen* argued the cause for appellant.

The opinion of the court was delivered by

William J. Brennan, Jr., J. A. D.   The Township of Weehawken appeals from an order of the Civil Service Commission to the extent that it directs restoration to pay and positions of Margaret LaColla and Helen Cahill, senior clerk stenographers laid off by action of the mayor and township committee, effective January 15, 1951.   The Civil Service Commission determined, upon ample evidence, "that the termination of the services of Margaret LaColla and Helen Cahill were not *bona fide* layoffs for economy purposes" "but a subterfuge for removal for political purposes."   Neither side appeals the provision of the order upholding the township's action in laying off Madelyn Grunewald but directing the placement of her name upon the reemployment list.

Civil service was adopted by the township at a referendum held November 4, 1947, upon a petition filed July 14, 1947, *R. S.* 11:20–1 *et seq.*   When the petition was filed Miss LaColla was employed by the township as a clerk stenographer

and Mrs. Cahill was working as a clerk to the veterans' assistance committee established under *R. S.* 40 :48–2.15, as amended. Neither position had ever been created or provided for by ordinance prior to the adoption of civil service.

An ordinance, adopted April 14, 1949, to carry into effect the result of the referendum, embodied various schedules prepared following a job survey by the Civil Service Commission. Schedule 1 sets out the title, class and jurisdiction service and division to which the position occupied by each named employee was allocated. Miss LaColla and Mrs. Cahill were classified as senior clerk stenographers.

The principal question here, as in *Handlon v. Town of Belleville,* 4 *N. J.* 99 (1950), and *Weaver v. Township of North Bergen,* 10 *N. J. Super.* 96 *(App. Div.* 1950), reversed only on the ground the appeal was out of time, 6 *N. J.* 475 (1951), is whether Miss LaColla and Mrs. Cahill are entitled to protection from removal under *R. S.* 11 :21–6 providing that municipal personnel of named classes within the competitive or non-competitive class of civil service "in the employ" of the municipality "at the time of the adoption" of civil service shall continue to hold their offices and employments and shall not be removed therefrom except in accordance with the provisions of subtitle 3 of Title 11, *R. S.* 11 :19–1 *et seq.,* relative to removal of persons in the competitive or noncompetitive class. *(Cf. Weaver v. N. J. Dept. of Civil Service,* 6 *N. J.* 553 (1951), where it will be noted it was said, "The legality of the position is not an issue in this case * * *.") The township challenged the authority of the commission at the hearing to consider or grant relief upon the claims of Miss LaColla and Mrs. Cahill, as it does here, contending that their positions had no legal being when civil service was adopted. The hearing commissioners ruled, however, that "we cannot now go back and challenge, or permit anyone to challenge how these people were appointed originally."

In the *Handlon* case it was held that a proceeding before the Civil Service Commission was not maintainable by an

employee who, when civil service was adopted, was in a position not theretofore created by statute or ordinance, and who was removed thereafter by the local governing body. *R. S.* 11:21–6 was construed to be applicable only to *"de jure* offices and employments" in existence at the time of the adoption of civil service. It was held that the proceeding "is not maintainable for want of a *res* within the cognizance of the Civil Service Commission."

In the *Handlon* case the schedules embodied in the ordinance enacted by the Town of Belleville to carry into effect the adoption of civil service did not list Mr. Handlon as clerk of the recorder's court with salary and classification; the town had expressly exscinded any listing for his position prior to its adoption of the ordinance. It is argued on behalf of Miss LaColla and Mrs. Cahill that, because the 1949 ordinance does list them with their respective salaries and classifications, and, beyond this, expressly provides "that the employments and positions in the classified service therein set forth are hereby provided for," the deficiency in the original creation of the positions was thereby obviated and that the rule of the *Handlon* case is inapplicable, that is, that the situation calls for "an application of the settled rule as to ratification applicable to municipal action."

The argument has considerable force and might be persuasive except for the fact that the Supreme Court expressly supported its holding in the *Handlon* case upon the interpretation of *R. S.* 11:21–6 that "Validation was not in legislative contemplation. *De jure* offices and employments alone were in view." And in the *Weaver* case, 10 *N. J. Super.* 96, another part of this court, one judge dissenting, held that in light of the language of the Supreme Court's opinion, Weaver's position must be deemed not to have been lawfully existing for the purposes of *R. S.* 11:21–6 notwithstanding the listing of his name and classification in the implementing ordinance. The additional fact as to the instant ordinance, that it expressly provides for the positions in question, is simply stronger evidence of ratification but has no different

legal consequence since the Supreme Court in effect pronounced in the *Handlon* case that an attempt by ordinance after the adoption of civil service to validate defects in the creation of employments would not serve to make *R. S.* 11:21–6 applicable to the holders of the employments.

It is then argued that in any event *chapter* 278 of the *Laws of* 1951 (*pp.* 952–953), *N. J. S. A.* 11:21–5.2, effective June 25, 1951, several months after the removal of Miss LaColla and Mrs. Cahill, cured all irregularities in the creation of the positions so as to give them standing to maintain their proceeding before the Civil Service Commission. That statute provides that an employee of the municipality in its active service and on its regular payroll at the time of the filing of the petition which results in the adoption of civil service, and who has been in such service and on such payroll continuously for a period of not less than a year prior to the time of the filing of said petition and is not a temporary employee or temporarily in such service, "shall be deemed to be in the employ of such municipality at the time of the adoption of said subtitle by the municipality, notwithstanding that his employment had not been theretofore authorized nor his compensation fixed under an ordinance adopted by the governing body of said municipality pursuant to section 40:48–1(3) of the Revised Statutes or any other law, and the provisions of said subtitle shall be applicable to any such * * * employee to the same extent as though his employment had been authorized under such an ordinance." That statute, however, by its terms, provides that it "shall be applicable only to employees who are in employment at the time this act shall become effective," which, of course, was not the case as to either Miss LaColla or Mrs. Cahill.

Our conclusion makes it unnecessary to consider the other points argued in the briefs.

Reversed. No costs.