SOPHIE BARKUS, PLAINTIFF-RESPONDENT, v. EMIL J. SADLOCH, MAYOR OF THE CITY OF GARFIELD, *ET AL.*, DEFENDANTS-APPELLANTS.

Argued January 9, 1956—Decided February 6, 1956.

Mr. *Ervan F. Kushner* argued the cause for the defendants-appellants (Mr. *Theodore R. Ciesla* on the brief).

*Mr. Carmen M. Belli* argued the cause for the plaintiff-respondent (*Mr. Frank J. Cuccio* on the brief).

The opinion of the court was delivered by

BURLING, J. This cause comes to us upon defendants' petition for certification to the Superior Court, Appellate Division, which we granted. 19 *N. J.* 339 (1955).

The plaintiff was employed by the city of Garfield as a switchboard operator in the City Hall from October 21, 1952 to January 15, 1954. On the latter date her services were abruptly terminated by resolution of the city council and Helen Vancho, a party defendant, was appointed in her stead. No charges were preferred against plaintiff nor was she accorded a hearing. She has challenged the legality of her peremptory removal by virtue of her status as an honorably discharged veteran under the provisions of *R. S.* 38:16–1, as amended *L.* 1942, *c.* 83, which provides, *inter alia*:

"No person now holding any employment, position or office under the government of this State, or the government of any county or municipality * * * or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now fixed by law, and receiving a salary from such State, county or municipality, * * * who has served as a soldier, sailor, marine or nurse, in any war of the United States, * * * and has been honorably discharged from the service of the United States * * * prior to or during such employment in or occupancy of such position or office, shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons.

* * * provided, however, that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time."

Prior to the amendment of 1942, *R. S.* 38:16–1 embraced only a "position" or "office" in the governmental sphere whose term was not fixed by law. See *Lewis v. Bd. of Public Works of Jersey City*, 51 *N. J. L.* 240 (*Sup. Ct.* 1889) ; *Serritella v. Water Commission of the City of Garfield*, 128

*N. J. L.* 259 (*Sup. Ct.* 1942). By *L.* 1942, *c.* 83 the statute was extended to public "employment," *Fox v. Bd. of Education of Newark,* 129 *N. J. L.* 349 (*Sup. Ct.* 1943), affirmed 130 *N. J. L.* 531 (*E. & A.* 1943), and the proviso that the act should not be applicable to appointments made for a "fixed or stated period of time" became part of the statute.

Plaintiff's rights under the statute are to be measured by her status as an employee. There is nothing in the record to indicate that she was occupying a "position" or "office" as switchboard operator for none had been created by statute or ordinance. See *Handlon v. Town of Belleville,* 4 *N. J.* 99, 108 (1950). Her duties did not partake of the governmental function nor were they of a singular nature. See *Wilentz ex rel. Golat v. Stanger,* 129 *N. J. L.* 606, 614 (*E. & A.* 1943); *Freeholders of Hudson County v. Brenner,* 25 *N. J. Super.* 557, 563 (*App. Div.* 1953), affirmed 14 *N. J.* 348 (1954). The evidence shows that plaintiff performed a variety of work—switchboard operator, receptionist, information clerk. The city clerk testified that plaintiff assisted him in posting the payroll records. Her duties were assigned in accordance with her ability to perform the work. Although initially utilized as a clerk to the local board of assessors she was soon transferred to other responsibilities because of her inability to type.

The issue here thus resolves itself into the question whether plaintiff is entitled to the tenure accorded by *R. S.* 38:16–1 in her employee status.

The City Council of Garfield is authorized to hire employees under the terms of *R. S.* 40:107–1(84) (Acts Saved from Repeal):

"The city council may employ from time to time such assistants and employees as the necessities of the city may require, and may pay such compensation to them as such services may be deemed reasonably worth; * * *."

The facts surrounding plaintiff's employment are determinative of the case. At the trial of the cause evidence was introduced to show that plaintiff had been hired by the

mayor of Garfield. The city clerk, however, testified that he believed plaintiff's employment to be pursuant to a resolution passed by the city council. The purported resolution was not produced. The trial court found that plaintiff had been hired by the mayor and, although he was not empowered to do so, his act was nevertheless ratified by the council when it approved the payrolls upon which plaintiff's name appeared. Concluding that plaintiff's employment was without a fixed term the court held it to be within the protection of the Veteran's Tenure Act, *R. S.* 38:16–1 *et seq.* The Superior Court, Appellate Division, affirmed the judgment, but found that plaintiff was employed pursuant to a resolution of the city council (not then in evidence) and that even had she not been so hired the theory of ratification embraced by the trial court would still support a determination in her favor as a *de facto* employee.

Subsequent to the decision in the Superior Court, Appellate Division, the resolution in question was located by defendants and they moved to have it incorporated into the record. We granted the motion, which was unopposed, pursuant to our power of original jurisdiction, *Art.* VI, *Sec.* V, *par.* 3, 1947 *Constitution; R. R.* 1:5–4, inasmuch as the Appellate Division had relied upon this resolution in reaching its decision.

The terms of the resolution which was passed by the city council on October 21, 1952, are:

"BE IT RESOLVED by the City Council of the City of Garfield, that the Secretary of the Board of Assessors is hereby empowered to engage the services of a Clerk for a period from October 21, 1952 to January 15, 1953."

It is contended that plaintiff was employed pursuant to this resolution and inasmuch as the term of appointment is for a fixed period of time she cannot claim the benefits of veteran's tenure. See *R. S.* 38:16–1, *supra.*

 We do not treat the resolution with the efficacy argued for by defendants. Only the governing body had the statutory authority to engage plaintiff, *R. S.* 40:107–1(84), *supra,*

and the prerogative could not be delegated to the board of assessors. *McAvoy v. Trenton,* 82 *N. J. L.* 101 (*Sup. Ct.* 1911); *Gouldey v. Atlantic City,* 63 *N. J. L.* 537 (*Sup. Ct.* 1899). Nor would it avail defendants if we assumed otherwise for there is not the slightest evidence in the record to indicate that the board of assessors engaged plaintiff's services. Her name is not even mentioned within the resolution.

On the contrary, plaintiff testified that she had been hired by the mayor of Garfield in October, 1952. The party occupying the office of mayor in 1952 testified that he had hired plaintiff and assigned her duties. Plaintiff performed these duties for a period of over two years in the conspicuous surroundings of the City Hall. Her name appeared on every payroll approved by resolution of the city council during this period. She was informed that municipal economy dictated her discharge, but the defense did not rest upon this ground. Indeed, a replacement was appointed on the same day that the resolution discharging plaintiff was passed.

We find as a fact that plaintiff was hired by the mayor of Garfield for an indefinite term, *Kessler v. Minard,* 134 *N. J. L.* 583 (*Sup. Ct.* 1946). Her appointment, although invalid in its inception, was ratified by the city council. *Ross v. City of Garfield,* 126 *N. J. L.* 462 (*E. & A.* 1941); *Ratajczak v. Bd. of Education of Perth Amboy,* 114 *N. J. L.* 577 (*Sup. Ct.* 1935), affirmed 116 *N. J. L.* 162 (*E. & A.* 1936). The cases cited by defendants in opposition to this point are not contrary. The court in *McDonald (Morris) v. City of Newark,* 55 *N. J. L.* 267 (*Sup. Ct.* 1893), affirmed 56 *N. J. L.* 715 (*E. & A.* 1894) held the evidence in that case did not support a subsequent ratification. *Ridgeway v. Michellon,* 42 *N. J. L.* 405 (*Sup. Ct.* 1880); *Winants v. Mayor and Council of the City of Bayonne,* 44 *N. J. L.* 114 (*Sup. Ct.* 1882); *Volk v. Mayor and Council of Newark,* 47 *N. J. L.* 117 (*Sup. Ct.* 1885); and *Gouldey v. Atlantic City, supra,* all concern *delegation* of the appointive power by the body authorized to exercise it and are not in point. Defendants have not shown that plaintiff's employment pursuant to *R. S.* 40:107–1(84) was required by law to be for a fixed

term and therefore such cases as *Talty v. Bd. of Education of Hoboken*, 10 *N. J.* 69 (1952) and *Burke v. Kenny*, 9 *N. J. Super.* 160 (*App. Div.* 1950) are not applicable.

The tenure statutes extend alike to *de facto* officers and *de jure* officers, *Shibla v. Wall Township*, 136 *N. J. L.* 506 (*Sup. Ct.* 1948), affirmed 137 *N. J. L.* 692 (*E. & A.* 1948); hence the provisions of *R. S.* 38:16-1 may embrace *de facto* employees as well as *de jure* employees. Plaintiff was a *de facto* employee of the City of Garfield. The term of her appointment was not fixed. As an honorably discharged veteran of the United States Army she is entitled to the benefits of the Veterans' Tenure Act.

The judgment is affirmed for the reasons stated in this opinion.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.