FRANK WAGNER, PLAINTIFF-RESPONDENT, v. BOROUGH OF LODI AND JOHN Di MARIA, DEFENDANTS-APPEL-LANTS.

Superior Court of New Jersey
Appellate Division

Argued April 27, 1959—Decided June 15, 1959.

Before Judges PRICE, GAULKIN and FOLEY.

*Mr. Martin Klughaupt* argued the cause for appellants.

*Mr. James A. Major* argued the cause for respondent.

The opinion of the court was delivered by

FOLEY, J. A. D. In this action in lieu of prerogative writ the Law Division set aside resolutions adopted by the borough council on April 28, 1958 which terminated the services of the plaintiff as borough attorney and appointed Di Maria in his stead. Defendants appeal. The basic question involved is whether plaintiff, an honorably discharged veteran, was protected from such action by the Veterans' Tenure Act, *N. J. S. A.* 38:16–1.

Wagner was appointed borough attorney by resolution of the council on November 22, 1955 at an "annual retainer" of $1,000 per annum. Six days later another resolution was adopted in which with respect to the retainer the prior resolution was "corrected to read" $500 per annum instead of $1,000. Neither resolution stated what the plaintiff's duties were to be nor what he was to do, if anything, for the retainer. While the amount of the retainer is small, it was contemplated that the fees payable to the attorney for services rendered would approximate $10,000 per annum. The parties stipulated that the council has not at any time provided by ordinance for the office, the duties thereunder, or the compensation or emoluments thereof.

 Of first importance is a determination of whether an ordinance is a *sine qua non* to a valid appointment to the office in question. It is well established that there cannot be a *de facto* officer without a *de jure* office. *Handlon v. Town of Belleville,* 4 *N. J.* 99 (1950). So, too, is it settled that a municipal office, if not created by statute, can come into being only by ordinance. *Jersey City v. Dept. of Civil Service, post.*

Thus our attention is drawn to the statutes which bear upon the question. The Borough of Lodi was incorporated under the provisions of *N. J. S. A.* 40:86–1 *et seq.* The

appointment of a borough attorney is optional under *N. J. S. A.* 40:87–15, wherein it is provided that the borough attorney and other enumerated officers shall:

"* * * hold office during the pleasure of the Council. * * * Unless sooner removed however they shall hold office for 1 year and until their successors shall have qualified."

*N. J. S. A.* 40:87–60 authorizes the fixing of the salaries of the mayor and councilmen of the borough by ordinance, limiting the amount of the same, and also provides that:

"All other officers shall be paid such salary or compensation as the council may by ordinance fix."

*N. J. S. A.* 40:87–60.1 prescribes that:

"Any such ordinance shall become operative in 10 days after the publication thereof after its final passage, unless within said 10 days, a petition, signed by the electors of such borough equal in number to at least 10% of the entire vote in the last preceding general election, protesting against the passage of such ordinance, be presented to the governing body, in which case such ordinance shall remain inoperative unless and until a proposition for the ratification thereof shall be adopted at the next general election by a majority of the qualified voters voting on said proposition."

In October 1955 the municipal manager form of government was adopted by the voters of Lodi under *N. J. S. A.* 40:80–1 *et seq.* *N. J. S. A.* 40:81–11 provides in part:

"The municipal council shall appoint a municipal manager, an assessor, or where required by law a board of assessors, an auditor, a treasurer, a clerk, and an *attorney* * * * All such officers appointed by the council shall hold office during *the pleasure of the council.*" (Emphasis ours)

*N. J. S. A.* 40:80–12 provides:

"No law, general or special, or any provision thereof, affecting the government of any municipality governed by this subtitle and contrary to or inconsistent with the provisions hereof, shall apply to such municipality * * *."

The position of the respondent is that *N. J. S. A.* 40:87–15 is inconsistent with *N. J. S. A.* 40:81–11 in the respect that it prescribes a term of office of one year, whereas under *N. J. S. A.* 40:81–11 the office is held during the pleasure of the council. Thus it is argued that a veteran, appointed borough attorney in a municipality operating under the Municipal Manager Act, holds office for an indeterminate term and is entitled to tenure. However, respondent overlooks the fact that there appears to be no inconsistency between any part of the Municipal Manager Act and *N. J. S. A.* 40:87–60 which requires that the compensation of all officers must be established by ordinance.

In addition there is *N. J. S. A.* 40:48–1 *et seq.* (Home Rule Act) which provides:

"The governing body of every municipality may make, amend, repeal and enforce ordinances to: * * *
3. Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees * * *."

and this broad grant of power is implemented by *N. J. S. A.* 40:46–23:

"The governing body may, by ordinance, * * * fix and determine the salaries, wages or compensation to be paid to each officer and employee of the municipality who, by law, is entitled thereto * * *."

Assuming, but not deciding, that *N. J. S. A.* 40:87–15 must fall before *N. J. S. A.* 40:81–11 because of the asserted inconsistency, the absence of the salary ordinance demanded by *N. J. S. A.* 40:46–23 and 40:87–60 in our judgment would be sufficient to debar respondent from the office to which he claims title.

The several statutes in question give rise to a dispute which is not unfamiliar to our courts. But if these enactments leave doubt, the case law is quite clear, as we shall hereinafter point out, that where an office is municipal

in origin the formality of an ordinance is required in respect to the establishment of the office and in the outline of the duties and the fixing of compensation thereunder. On the other hand, if the office is created and the duties fixed by statute, no ordinance is required to establish it, although one may still be necessary to fix the compensation.

In this case it is the contention of the appellants that the Municipal Manager Act merely authorized the governing body to create the office. The respondent, on the other hand, maintains that the Legislature created the office within the framework of the Municipal Manager Act and, in support of the argument, respondent rests heavily upon the provision that the "municipal council *shall* appoint * * * an attorney * * *."

We find that the case of *Jersey City v. Dept. of Civil Service,* 10 *N. J. Super.* 140 (*App. Div.* 1950), affirmed 7 *N. J.* 509 (1951), points the way to the solution of the problem. The case involved the *de jure* status of a number of legal assistants in the city law department who had been appointed pursuant to *N. J. S. A.* 40:171–112 which provided:

"In each city of the first class in this state there *shall* be established a law department which shall consist of a city or corporation counsel, appointed by the governing body of such city, * * * and as many assistants city or corporation counsels and legal assistants * * * as the city or corporation counsel * * * shall appoint." (Emphasis ours)

The legal assistants had been named and their salaries fixed by resolution of the governing body on the recommendation of the corporation counsel, and pursuant to *N. J. S. A.* 40:171–112 they acquired civil service status. Following a change of administration they were discharged but, on appeal to the Civil Service Commission, were reinstated as position holders within the exempt division of the classified civil service. The city appealed to this court, contending that the incumbents had never been lawfully appointed, either originally or at any time thereafter because their

appointments, having been made by resolution, were nullities. Basically this argument stemmed from a premise that the word "shall" in the legislation was directory rather than mandatory. Hence, it was urged *N. J. S. A.* 40:171–112 did not *create* the positions but only authorized their creation, and so an ordinance was essential. This court rejected the contention and held in effect that the mandate of the 1920 statute to create a law department brought the positions enumerated therein into being. But the court sustained the additional argument of the city that the positions held by the legal assistants were invalid in that no ordinance fixing salaries had been adopted saying:

"Although we have concluded that the 1920 act created the positions in question, in order to make the appointments of respondents legally effective, it was essential that another and further step be undertaken by the governing body to wit: the adoption of an ordinance fixing the salaries for these positions."

The Supreme Court affirmed the necessity of a salary ordinance, but *contra* to the Appellate Division held that the proper construction of *N. J. S. A.* 40:171–112 was that although it constituted a mandatory *direction to create* law departments, it was "not a creation of such department or offices therein by the Legislature itself," and that an ordinance was necessary to establish the positions. It is to be noted that the language of *N. J. S. A.* 40:171–112 was far stronger than that of *N. J. S. A.* 40:48–11. If the former statute required an ordinance to implement it, obviously *N. J. S. A.* 40:48–11 does.

▮ The requirement of *N. J. S. A.* 40:48–1, 40:87–60 and 40:46–23 that the offices be created by ordinance expresses a sound public policy. As was said in *Handlon, supra,* the "sense of the statute is that, because the creation of offices and positions involves an increase of the financial burden of local government, the power is exercisable only by ordinance, a deliberative process requiring notice to the public." And in *Davaillon v. City of Elizabeth,* 121 *N. J. L.*

380, 382 (*Sup. Ct.* 1938), in referring to *N. J. S. A.* 40:46–23, the court observed that "the primary design of these provisions was to afford public notice of the particulars of a proposed exercise of such power and thus secure conformance with the basic statutory consideration, *i. e.,* the 'proper and efficient conduct of the affairs of the Municipality.' " So we conclude that only by an ordinance can the public of the Borough of Lodi be properly informed of the nature and scope of the duties of the borough attorney, the amount of his compensation, and the basis upon which he is to be paid. *Cf. Belousofsky v. Board of Education of City of Linden,* 54 *N. J. Super.* 219 (*App. Div.* 1959).

It is urged by the respondent that the case *sub judice* is controlled by *Krieger v. Jersey City,* 27 *N. J.* 535 (1958), and *Wall v. Board of Com'rs of City of Jersey City,* 27 *N. J.* 545 (1958), wherein the plaintiffs challenged their removal from the office of magistrate by the governing body of the municipality. The magistrates were appointed pursuant to *N. J. S.* 2A:8–1, *L.* 1948, *c.* 264, which deals comprehensively with municipal courts and was designed to replace the existing system of local courts with a more effective system as part of a statewide judiciary in implementation of the Constitution of 1947. *Board of Health, Weehawken Township v. New York Central Railroad Co.,* 10 *N. J.* 284, 289–290 (1952). As noted by the court in *Krieger:*

"Although there is left to local decision the question whether a municipal court shall be established, *N. J. S.* 2A:8–1, the statute itself creates the office of magistrate. *N. J. S.* 2A:8–5, peremptorily provides that 'Each municipal court shall have a judge who shall be known as the municipal magistrate.' The same section fixes the term of office and vests the appointing power in local government with respect to a court established by a single municipality, and in the Governor with respect to a court established by two or more municipalities. The authority of the magistrate is delineated. Judges of the County Court are made '*ex officio* judges of the municipal courts and any such judge or any superior court judge may be assigned by the chief justice of the supreme court to hold temporarily a municipal court, either with or without the magistrate of such court.' *N. J. S.* 2A:8–11. The statute expressly directs action with

respect to compensation. *N. J. S.* 2A:8–9. Thus the Legislature dealt with all attributes of the office. It left nothing for creative action under *R. S.* 40:48–1, *N. J. S. A.*"

In holding the office to be of legislative creation the court distinguished the case from *Jersey City v. Dept. of Civil Service, supra,* taking the view which we project that the Home Rule Act does not create offices but grants leave to the municipality to create the same by ordinance where the field has not been preempted by state legislation.

■ We hold, therefore, that since the office of the borough attorney and the salary or compensation to be paid to the holder thereof require enactment by ordinance, such office is non-existent in the Borough of Lodi, and there is no office to which respondent may claim tenure under *N. J. S. A.* 38:16–1.

■ The point is made by the respondent that the fact that there is no ordinance was not litigated in the trial court but was raised by this court for the first time. This is so. However, in advance of the oral argument counsel were notified that this court desired their views on the subject, and on the argument the matter was discussed at length. Thereafter both sides were requested to and did file supplemental briefs. As was said in *Howard v. Mayor and Board of Finance of City of Paterson,* 6 *N. J.* 373, 376 (1951):

"* * * the invalidity of the resolution was not made an issue below and ordinarily would not be considered here. The question, however, involves the salaries of public officials and the expenditure of public funds and is therefore one of public policy over which we may take cognizance on appeal. *State v. Taylor,* 5 *N. J.* 474 (1950)."

In view of our holding that the office of borough attorney of Lodi is non-existent, the remaining points raised by the appeal are academic.

Reversed.