58 N.J. Super. 229 (1959)
156 A.2d 31
WILLIAM KOVALYCSIK, PLAINTIFF-RESPONDENT,
v.
CITY OF GARFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1959.
Decided November 27, 1959.
*231 Before Judges CONFORD, FOLEY and SCHERER.
Mr. Carmen M. Belli argued the cause for defendants-appellants.
Mr. Morris Dobrin argued the cause for plaintiff-respondent.
*232 The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff brought this action in lieu of prerogative writs in the Law Division to challenge the legality of his summary removal as senior clerk in the tax receiver's office of defendant municipality and for an order directing his reinstatement to that position. An honorably discharged veteran of World War II, he claims that his dismissal derogated his tenure protection under N.J.S.A. 38:16-1, the Veteran's Tenure Act. Cross-motions for summary judgment were made, and defendant appeals from the granting of plaintiff's. The essential facts, revealed by the pleadings and affidavits, are not in dispute.
Plaintiff was originally appointed a clerk in the tax office by resolution of the municipal council in January 1952 and was promoted to senior clerk, also by resolution, in December 1957. He continued in that position until January 1, 1959, when, again by resolution, others were appointed in his place. The city attempted to justify its action and based the argument in its appellate brief on the ground that plaintiff held an office or position rather than an employment, and, therefore, since there was never an ordinance creating the position, it has no legal existence, and there is, consequently, no present position to which plaintiff has any right to be restored. Jersey City v. Department of Civil Service, 7 N.J. 509 (1951); Handlon v. Town of Belleville, 4 N.J. 99 (1950); Wagner v. Borough of Lodi, 56 N.J. Super. 204 (App. Div. 1959). Plaintiff contends that his duties are more properly classified as those of an employee, and hence no creative ordinance is necessary. Alternatively, even if his status were that of a position-holder or officer, no creative ordinance was necessary because of the general hiring authorization contained in the City Referendum Charter Act, R.S. 40:107-1, specifically subsection (84) (to be found in "Acts Saved from Repeal," a separate volume of N.J.S.A.). A final contention, raised for the first time on this appeal, is that even if he were the holder of a position not validly *233 created, he would still be entitled to tenure protection because of his de facto status.

I.
It is well settled that a municipal office or position, if not provided for by statute, can be created only by ordinance. R.S. 40:48-1 (The Home Rule Act); Jersey City v. Department of Civil Service, supra (7 N.J., at page 524); Handlon v. Town of Belleville, supra (4 N.J., at page 108); Wagner v. Borough of Lodi, supra (56 N.J. Super., at page 206); City of Orange v. Goldberg, 137 N.J.L. 73, 75-76 (Sup. Ct. 1948); Serritella v. Water Commission, etc., of Garfield, 128 N.J.L. 259, 263 (Sup. Ct. 1942); Toomey v. McCaffrey, 116 N.J.L. 364, 366 (Sup. Ct. 1936). In this context the terms "position" and "office" are used interchangeably. See Jersey City v. Department of Civil Service, 57 N.J. Super. 13, 28 (App. Div. 1959) (hereafter cited as Sapienza, the name of the co-plaintiff, to distinguish it from the previous Supreme Court decision of the same name, cited above). The sole basis of the trial court's action in granting plaintiff's motion in the instant case was its holding, in effect, that the Charter Act, cited above, constitutes a statutory creation of Kovalycsik's public post, precluding the necessity for a specific creative ordinance. The relevant provision of that statute reads, in part:
"The city council may employ from time to time such assistants and employees as the necessities of the city may require, and may pay such compensation to them as such services may be deemed reasonably worth * * *."
R.S. 40:48-1 provides in part:
"The governing body of every municipality may make, amend, repeal and enforce ordinances to:

* * * * * * * *
* * * 3. Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees; and to provide for the employment and compensation of *234 such officials and employees, in addition to those provided for by statute, as may be deemed necessary for the efficient conduct of the affairs of the municipality."
The effect of the Charter Act section may well be to provide authority for the appointment of employees by this particular municipality notwithstanding the absence of an ordinance creating the employment. See Barkus v. Sadloch, 20 N.J. 551 (1956), construing the cited provision of the Charter Act, and implicitly so holding. But to extend the operative scope of the section to municipal officers or position holders as well as employees would be to transcend its language and subvert the purpose of R.S. 40:48-1. As continually reiterated by our courts, that section of the Home Rule Act was meant to assure that the creation of new offices and positions, because of the additional public financial burden they occasion, should be preceded by the deliberative legislative process and the public notice attendant upon the passage of an ordinance. See, e.g., Handlon v. Town of Belleville, supra (4 N.J., at page 108); Nolan v. Witkowski, 56 N.J. Super. 480, 495 (App. Div. 1959); Hale v. Council of Town of Kearny, 99 N.J.L. 334, 335 (Sup. Ct. 1924).
Furthermore, the suggested extension of the Charter Act provision is clearly contra-indicated by its language. While its first sentence uses both the terms "assistants and employees," it is obvious that "assistants" was not meant to include "officers" or position holders. The only reference to "officers" appearing elsewhere in that section (concerning consolidation of offices) expressly indicates municipal action by ordinance. As to position holders, the long history of technical differentiation in the cases between public employments, as such, and "positions," warrants the assumption that the Legislature used the term "employees" discriminatingly in the Charter Act provision, not intending to include holders of "positions." Consequently, there being no other statutory provision creating the position of senior clerk in *235 the Garfield tax receiver's office, we hold that if such a place was a "position" it was not validly created.
At the argument the city was permitted to make the additional contention in support of the necessity of an ordinance in this situation, that, even assuming plaintiff was occupying an employment rather than a position, the case of Bullock v. Jeffries, 117 N.J.L. 595 (Sup. Ct. 1937), affirmed per curiam 119 N.J.L. 27 (E. & A. 1937), construes the Home Rule act to bring employments as well as other public posts within the mandatory requirement of a creative ordinance. While that seems a sound construction of the cited decision, so far as it goes, the case does not decide that an ordinance is necessary to establish employments which are created by other legislation. Since Barkus, supra, authoritatively decides, in effect, that insofar as Garfield is concerned the Charter Act is the statutory fount of all employments in that municipality, this case must be decided on the question whether plaintiff was an employee, and therefore no occasion is presented to construe the Bullock case in the respect mooted.

II.
Thus, if Kovalycsik was an employee and not a position-holder of the defendant city, we would be constrained under the Barkus decision to affirm the action of the trial court, since the 1942 amendment to the Veteran's Tenure Act (L. 1942, c. 83) extended its protection to employees as well as to officers and position-holders. Although this question was not passed upon below, it was raised there, has been briefed and argued by both sides on this appeal, and since it is dispositive of the appeal, an exercise of our original jurisdiction is warranted. The affidavits are sufficiently complete to permit our making the necessary factual finding.
Plaintiff's affidavit describes his duties as follows:
"* * * collect tax moneys at the window; collect water bills; keeping all records in connection with tax bills; preparing bills and *236 forwarding the same to taxpayers; assist the Tax Collector or Receiver in connection with tax searches; run posting and billing machine; issue water permits; issue water tapping permits; issue sewer permits; issue moving permits; and generally assist the Tax Collector or Receiver who designates the various duties to the Senior Clerk."
A supplemental affidavit avers such additional tasks as answering the telephone, running errands, emptying pencil sharpeners and filling inkwells.
The criteria for determining the technical status of a public post set forth in Fredericks v. Board of Health, 82 N.J.L. 200, 201-202 (Sup. Ct. 1912), have been frequently resorted to in the cases. See, e.g., Serritella, supra (128 N.J.L. at page 261); Barkus, supra (20 N.J. at page 554); Thorp v. Board of Trustees of Schools for Industrial Ed., 6 N.J. 498, 506-507 (1950); Board of Chosen Freeholders of Hudson Co. v. Brenner, 25 N.J. Super. 557, 559, 563 (App. Div. 1953), affirmed o.b. 13 N.J. 288 (1954). According to those precepts, an "office" presupposes employment which is governmental in character and duties certain and permanent; in a position the duties, while certain and permanent, may or may not be governmental (and are not assigned to it by any public law of this State); in an employment, the duties are neither certain, permanent, nor governmental.
Applying these tests to Kovalycsik's description of his duties we find they were not those of a mere employee, but rather characteristic of a position. Cf. Barkus, supra (a switchboard operator acting also as receptionist and clerk is an employee); Serritella, supra (a "pumping station operator" who did menial maintenance work is an employee). The menial duties referred to in the plaintiff's supplemental affidavit are merely incidental details which do not change the essential character of plaintiff's status, which we hold to be determined by those responsible functions performed by him which are set out in the original affidavit. These responsibilities, and hence his position, were neither casual, *237 greatly varied nor subject to change. They were performed regularly and constituted a customary and usual work routine requiring skill, discretion and public confidence. In effect, it was the same work one would expect to be done by the tax collector himself or his assistant. Furthermore, the nub of his duties, the responsibility for collecting public moneys and issuing the various permits, clearly indicates an intimate connection with work of a governmental nature. Finally, the trend of the cases makes clear that the policy of the Home Rule Act, effectuated by requiring positions to be created by ordinance, is best served by a strict interpretation of the employee category. See, holding various functions to characterize a position or office, Grunewald v. Township Comm. of Weehawken Tp., 18 N.J. Super. 401 (App. Div. 1952) (clerk-stenographer); Margerum v. Mayor and Common Council of Borough of Princeton, 120 N.J.L. 36 (Sup. Ct. 1938) (night clerk); Jersey City v. Department of Civil Service, 7 N.J. 509 (legal assistant); Sapienza, supra (administrative secretary); Handlon, supra (clerk of recorder's court); Hale v. Council of Town of Kearny, supra (assistant water purveyor); Van Brookhoven v. Kennedy, 125 N.J.L. 178 (Sup. Ct. 1940), affirmed o.b. 125 N.J.L. 507 (E. & A. 1940) (assistant superintendent of weights and measures); Davaillon v. City of Elizabeth, 121 N.J.L. 380 (Sup. Ct. 1938) (assistant city clerk).

III.
Having determined that Kovalycsik was the holder of a position not legally created, we turn finally to his argument that his de facto status entitles him to tenure protection.
Relief has invariably been denied where a validly appointed municipal officer or position-holder complains of dismissal from an invalidly created post, the rule being that there can be no de facto holder of an office which is itself not de jure, since if there is no valid post there is nothing to which to reinstate the claimant. Jersey City v. *238 Department of Civil Service, supra (7 N.J., at page 525); Handlon v. Town of Belleville, supra (4 N.J., at page 109); Van Brookhoven v. Kennedy, supra (125 N.J.L., at page 182); City of Orange v. Goldberg, supra (137 N.J.L., at pages 76-77); Serritella v. Water Commission, etc., of Garfield, supra (128 N.J.L., at page 263); Moriarity v. Board of Education of Garfield, 133 N.J.L. 73, 76 (Sup. Ct. 1945), affirmed o.b. 134 N.J.L. 356 (E. & A. 1946); Salter v. Burk, 83 N.J.L. 152, 158 (Sup. Ct. 1912); Toomey v. McCaffrey, supra (116 N.J.L., at page 367); Wagner v. Borough of Lodi, supra (56 N.J. Super., at page 206). In those cases where reinstatement of a de facto officer was allowed, the defect was in the nature of the appointment rather than in the legal existence of the office. See Shibla v. Township Committee, Wall Township, 137 N.J.L. 692 (E. & A. 1948); Magner v. Yore, 75 N.J.L. 198, 199 (Sup. Ct. 1907).
The rule that a prerequisite to the application of legal sanctions for de facto office holding is a de jure office is not confined to situations in which employment rights are in issue but is a well-established element of the de facto office doctrine in general. See discussion in Lang v. City of Bayonne, 74 N.J.L. 455, 458-463 (E. & A. 1907); 67 C.J.S. Officers § 136, p. 440; 43 Am. Jur., Public Officers, § 475, p. 228; Annotation, 99 A.L.R. 294 (1935); 3 McQuillin, Municipal Corporations (3d ed. 1949), § 12.104, p. 383. Cf. Sapienza, supra (57 N.J. Super., at pages 27-34). See also Kirby v. State, 57 N.J.L. 320, 322 (Sup. Ct. 1894) (a charge of official misconduct will not lie where the office is not de jure). Therefore the statement in the Barkus case (20 N.J., at page 557) that "The tenure statutes extend alike to de facto officers and de jure officers * * *," seemingly inconsistent with the rule that de facto occupants of posts never created de jure have no status to complain of dismissal, is actually consistent with that rule, since, in the technical sense, the reference to a de facto officer presupposes a de jure office. This conclusion is supported *239 by the circumstance that the gravamen of the assault on the status of the job-holder in that case was the method of her appointment rather than that of the lack of a legal creation of the post, generically considered.
Plaintiff argues, however, that the recent decision by this court in Sapienza, supra (57 N.J. Super. 13), is authority for the principle that despite the "de jure office" rule, de facto position-holders appointed and serving in good faith will nevertheless be protected from summary dismissal on the grounds of public policy and convenience, notwithstanding the position was never legally created. This proposition constitutes too broad a reading of that case. That case basically holds no more than that one who has served for years in municipal employment both before and after the passage of a municipal ordinance reclassifying all positions in the municipal service cannot be denied, after dismissal, the statutory right of preferential reemployment in a suitable position newly and validly created, on the asserted ground that the ordinance was defective (57 N.J. Super., at page 26). The opinion expressly recognizes the continued subsistence of the general rule of Jersey City v. Department of Civil Service, supra (7 N.J. 509), recently reapplied in Wagner v. Borough of Lodi, supra, to the effect that one cannot ask for judicial restoration to the occupancy of a municipal position which was never legally created (57 N.J. Super., at page 25).
The judgment is reversed and judgment directed to be entered in favor of defendant. No costs.